**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  09-32001

ERIC R. BAUER
f/d/b/a BAUER CONSTRUCTION
ANGIE N. BAUER
f/d/b/a BAUER CONSTRUCTION
a/k/a ANGIE LOGHRY
a/k/a ANGIE MEADOWS

        Debtors

THOMAS PETERSEN
KATHY PETERSEN
WAYNE ROBINS and
DIANE ROBINS

        Plaintiffs

    v.                                                                         Adv. Proc. No.  09-3137

ERIC R. BAUER
ANGIE N. BAUER

        Defendants


**MEMORANDUM ON PLAINTIFFS'
MOTION FOR CHANGE OF VENUE**


**APPEARANCES:**    LITTLE & MILLIGAN, PLLC
                             F. Scott Milligan, Esq.
                             900 East Hill Avenue
                             Suite 130
                             Knoxville, Tennessee  37915
                             Attorneys for Plaintiffs

MOSTOLLER, STULBERG, WHITFIELD & ALLEN
Ann Mostoller, Esq.
136 South Illinois Avenue
Suite 104
Oak Ridge, Tennessee  37830
Attorneys for Defendants

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Adversary Complaint (Complaint) filed on July 17, 2009, wherein the Plaintiffs Thomas and Kathy Petersen seek a judgment in the amount of $45,000.00 and the Plaintiffs Wayne and Diane Robins seek a judgment in the amount of $90,000.00. The Plaintiffs also ask the court for a determination that the judgments are nondischargeable under 11 U.S.C. § 523(a)(2), (4), and/or (6) (2006).[1]

Presently before the court is the Plaintiffs' Motion for Change of Venue filed on March 8, 2010, asking the court, pursuant to 28 U.S.C. § 1412 (2006) and Rule 7087 of the Federal Rules of Bankruptcy Procedure, to transfer this adversary proceeding to the District of Oregon. On March 18, 2010, the Defendants filed the Defendants' Response to Plaintiffs' Motion for Change of Venue, arguing that the adversary proceeding is pending in the proper venue and should not be transferred.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) (2006).

I

The Defendants filed the Voluntary Petition commencing their joint Chapter 7 bankruptcy case on April 13, 2009, and received a discharge on September 16, 2009. The Plaintiffs are creditors and were listed by the Defendants in their schedules as having claims of $55,715.09 and $65,512.36, respectively, based on "trade debt" incurred in 2008. In the Complaint, the Plaintiffs seek a monetary judgment and a determination of nondischargeability under § 523(a)(2), (4), and (6), asserting claims based upon the following contracts with the Defendants' company, Bauer

---

[1] The court questions the propriety of joining the independent claims of these husband and wife Plaintiffs into a single action. However, given the circumstances, the court will not address the misjoinder issue. *See* FED. R. CIV. P. 21, made applicable to this adversary proceeding by FED. R. BANKR. P. 7021.

Construction, LLC, which was operated by the Defendants in Oregon prior to the Defendants relocating to Tennessee: (1) a contract dated August 4, 2007, between Thomas and Kathy Petersen and Bauer Construction, LLC, for renovations and remodeling to their home in Ashland, Oregon, for the price of $45,000.00, and amended on November 28, 2007, to add additional work for the price of $5,496.00; and (2) a contract dated September 9, 2007, between Wayne and Diane Robins and Bauer Construction, LLC, for renovations and additions to their home in Medford, Oregon, for the price of $60,000.00.

The Defendants filed a Motion to Dismiss Complaint on September 4, 2009, arguing that the Plaintiffs had failed to join Bauer Construction, LLC, as a necessary party and that, under Rule 7017 of the Federal Rules of Bankruptcy Procedure, the adversary proceeding should be dismissed. In its Memorandum and Order on Motion to Dismiss Complaint entered on December 14, 2009, the court denied the Motion to Dismiss, holding that the Complaint contained factual averments as to specific actions of the Defendants as well as actions by Bauer Construction, LLC, and that corporate officers could be liable for fraudulent conduct committed on behalf of the artificial entity. The court also rejected the Defendants' argument that Bauer Construction, LLC, was a necessary party to the dischargeability action, recognizing that, as an artificial entity, the limited liability corporation was not eligible for discharge, nor did the bankruptcy court have personal or subject matter jurisdiction over it since it is an Oregon company.

The December 14, 2009 Memorandum and Order was followed by an Order on Motion to Strike Allegations Against Defendant Angie Bauer or in the Alternative for More Definite Statement and Motion to Dismiss entered on February 2, 2010, denying a second motion to dismiss filed by the

Defendants on December 29, 2009, as violative of Rule 12(g) of the Federal Rules of Civil Procedure.  The February 2, 2010 Order also denied the Defendants' request for a more definite statement, finding that the Complaint was not vague and ambiguous so as to prevent the Defendants from preparing a responsive pleading.  The Defendants' Answer to Adversary Complaint was then filed on February 9, 2010, and following the scheduling conference held on February 25, 2010, and pursuant to the Pretrial Order entered on March 4, 2010, trial was scheduled for September 20, 2010, and September 27, 2010, for the Petersens and Robinses, respectively.

On March 8, 2010, the Plaintiffs filed the Motion for Change of Venue and a brief in support thereof, attaching the following documents:  (1)  the Affidavit of Diane Robins; and (2)  the Affidavit of Thomas Petersen.  In their Motion, the Plaintiffs argue that, in the interests of justice and/or for the convenience of the parties, the adversary proceeding would be more appropriately tried in Oregon.

In her Affidavit, Mrs. Robins attests to the following undisputed facts.  She and her husband and co-Plaintiff, Mr. Robins, reside in Medford, Oregon, and all events and circumstances giving rise to this adversary proceeding occurred in 2007 and 2008, in the state of Oregon as a result of their entering into a construction contract with Bauer Construction, LLC, on September 9, 2007, for renovations to their home. ROBINS AFF. at ¶¶ 3, 6. Following termination of the contract with Bauer Construction, LLC, she and Mr. Robins retained the services of Jim Pinkert, another contractor who resides in Oregon and who is a material witness, to correct the damage to and finish the remodeling of their home. ROBINS AFF. at ¶ 4. These Plaintiffs also intend to call as a material witness Jared Leard, the former partner and associate of the Defendants involved with Bauer Construction, LLC,

5

who likewise resides in Oregon. ROBINS AFF. at ¶ 5. Additionally, as proof that it would be a financial and physical burden for them to appear and participate in the trial in Tennessee, Mrs. Robins attests that she is 62 years old and has undergone various treatments and surgeries for thyroid cancer and a bladder condition since November 2006, that Mr. Robins, who is 66 years old, is being treated for diabetes and a heart condition, and that his earnings from truck driving are supplemented by disability payments for Mrs. Robins. ROBINS AFF. at ¶¶ 7-8.

Similarly, Mr. Petersen attests to the following facts in his Affidavit. He and his wife and co-Plaintiff, Mrs. Petersen, reside in Ashland, Oregon, and all events and circumstances giving rise to this adversary proceeding occurred in the state of Oregon as a result of their entering into a construction contract with Bauer Construction, LLC, in 2007, for renovations to their home. PETERSEN AFF. at ¶¶ 3-4, 9. Prior to and following termination of the contract with Bauer Construction, LLC, he and Mrs. Petersen retained the services of Cynthia Guthrie, an architect, and Mark Snyder, a contractor who operates in and around Ashland, Oregon, both of whom are material witnesses.[2] PETERSEN AFF. at ¶¶ 5-6. The Plaintiffs also intend to call as a material witness Jared Leard, the former business partner and principal of Bauer Construction, LLC, who, as previously discussed, lives in Oregon. PETERSEN AFF. at ¶ 7. Additionally, as proof that it would be a physical burden for them to appear and participate in the trial in Tennessee, Mr. Petersen attests that Mrs. Petersen suffers from Lupus, from which she has chronic pain and for which she takes multiple daily medications. PETERSEN AFF. at ¶ 8. Because of her condition, which is worsening, Mrs. Petersen

---

[2] Although Mr. Petersen does not state where the architect, Ms. Guthrie, resides, the court presumes she is also a resident of Oregon.

has difficulty traveling and is under the care of a rheumatologist, occasionally requiring emergency care or hospitalization. PETERSEN AFF. at ¶ 8.

The Defendants filed their Response and brief in opposition on March 18, 2010, arguing that it would be nearly impossible for them to travel to Oregon to defend the adversary proceeding, and in support of their Response, they attached the Affidavit of Eric Bauer. In his Affidavit, Mr. Bauer makes the following averments. He and his wife and co-Defendant, Mrs. Bauer, have resided with their five minor children in Knoxville since March 2008. BAUER AFF. at ¶ 1. He works as a paramedic and his year-to-date income through March 6, 2010, is $8,438.58, while Mrs. Bauer, who is a technician at an eye clinic, has earned $2,006.96 through that date. BAUER AFF. at ¶ 3. Their current monthly income averages approximately $6,029.00, including $1,000.00 in child support received, but their expenses have increased from the $5,130.00 listed on Schedule J of their schedules, including dental expenses for two children, a tonsillectomy for one child, and replacement of two vehicles wrecked by another child. BAUER AFF. at ¶¶ 4-5. He states that if they are required to defend the adversary proceeding in Oregon, they "will be unable to present a defense, or even attend any of the proceedings." BAUER AFF. at ¶ 6.

## II

The authority for the Plaintiffs' request is 28 U.S.C. § 1412, which provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *See also* FED. R. BANKR. P. 7087 (allowing for the transfer of "an adversary proceeding or any part thereof to another district pursuant to 28

U.S.C. § 1412 . . .[.]"). Whether to transfer venue is within the sound discretion of the court, and because the "considerations of § 1412 are disjunctive[,] transfer is appropriate even if only one is met." *Dwight v. TitleMax of Tenn., Inc.*, 2010 U.S. Dist. LEXIS 4767, at *5, 2010 WL 330339, at *2 (E.D. Tenn. Jan. 21, 2010) (citing *Things Remembered, Inc. v. BGTV, Inc.*, 151 B.R. 827, 832-33 (Bankr. N.D. Ohio 1993), and *In re Hechinger Inv. Co. of Del., Inc.*, 288 B.R. 398, 402 (D. Del. 2003)).

The moving party bears the burden of showing that transfer should be allowed, and there is "a strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending." *Dwight*, 2010 U.S. Dist. LEXIS 4767, at *5, 2010 WL 330339, at *2 (citing *In re Vital Link Lodi, Inc.*, 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999)); *Steed v. Buckalew (In re Rivas)*, 2009 Bankr. LEXIS 3590, at *6, 2009 WL 3493597, at *2 (Bankr. E.D. Tenn. Oct. 27, 2009) (citing *In re Gurley*, 215 B.R. 703, 708-09 (Bankr. W.D. Tenn. 1997)). In making its determination as to whether the statutory factors – the interests of justice and the convenience of the parties – have been satisfied, courts should consider the following equitable factors:

> (1) proximity of creditors to the court; (2) proximity of the debtor to the court; (3) proximity of necessary witnesses; (4) availability of process to compel attendance of uncooperative or unwilling witnesses; (5) location of the assets; (6) location of relevant documents or records; (7) accessibility to sources of proof; (7) relative financial means of the parties; (8) locus of operative facts and events giving rise to the action; (9) each forum's familiarity with the governing law; (10) economical and efficient administration of the estate; (11) deference and weight accorded to the plaintiff's choice of forum; and (12) trial efficiency, fairness, and interests of justice based on a totality of the circumstances.

*Dwight*, 2010 U.S. Dist. LEXIS 4767, at *5, 2010 WL 330339, at *2 (quoting *Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 680 (S.D. W. Va. 2005)); *Rivas*, 2009 Bankr. LEXIS 3590, at *7-8, 2009 WL

3493597, at *3 (quoting *Dorsey v. Hartford Life & Accident Ins. Co.*, 2009 U.S. Dist. LEXIS 20690, 2009 WL 703384, at *3 (E.D. Tenn. Mar. 16, 2009) and citing *HLI Creditor Trust v. Keller Rigging Constr., Inc. (In re Hayes Lemerz Int'l Inc.)*, 312 B.R. 44, 46 (Bankr. D. Del. 2004)).

Based upon the Affidavits and briefs submitted in analysis with the foregoing factors, the court finds that the majority of factors weighs in favor of transfer. Under the United States Code, the Plaintiffs were required to file their adversary proceeding in the court in which the bankruptcy case was pending, which they have done. There is no dispute, however, that each of the Plaintiffs resides in Oregon, as do necessary and material witnesses Jared Leard, Jim Pinkert, Mark Snyder, and Cynthia Guthrie, none of whom does the court have personal jurisdiction over and none of whom can be compelled to travel to Tennessee to testify. Furthermore, as set forth in Mrs. Robins and Mr. Petersen's Affidavits, three of the four Plaintiffs have serious medical conditions making it difficult for them to travel.

Likewise, when focusing upon the factors concerning trial efficiency and which forum is in a better position to adjudicate the matter fairly, each falls in favor of transfer. All of the events and actions upon which this adversary proceeding is based took place in Oregon. The contracts between Bauer Construction, LLC, and the respective Plaintiffs were entered into in Oregon and all of the work performed by the Defendants and Bauer Construction, LLC, occurred in Oregon, where the homes are located. Bauer Construction, LLC, was organized and operated in Oregon, and any applicable non-bankruptcy law to be utilized is Oregon state law. With the exception of the Defendants' moving and filing bankruptcy on April 13, 2009, no events giving rise to this adversary proceeding occurred in Tennessee. As to their bankruptcy case, on May 20, 2009, the Chapter 7

Trustee filed a Report of No Distribution certifying that the estate had been fully administered and all property of the estate was abandoned as burdensome or of inconsequential value, and on September 16, 2009, the Discharge of Joint Debtors Order was entered, granting a general discharge under 11 U.S.C. § 727(a).

In fact, when analyzing the aforementioned factors, only their proximity to the court and the financial burden placed upon them were the adversary proceeding transferred to Oregon weigh in the Defendants' favor. In his Affidavit, Mr. Bauer attested that he and Mrs. Bauer have five minor children and that they have incurred a number of expenses recently concerning their children. He also attested that he owes attorney's fees to Ms. Mostoller for her representation of him in this adversary proceeding, and if the case is transferred they cannot attend a trial and present a defense. While the court is mindful of and sympathetic to the Defendants' financial obligations as well as the difficulties in traveling to Oregon to defend this adversary proceeding, it cannot ignore the overwhelming number of factors weighing in favor of the transfer.

Accordingly, the court finds that it is in the interests of justice to transfer this adversary proceeding to Oregon. An order consistent with this Memorandum will be entered.

FILED: May 12, 2010

>BY THE COURT
>
>/s/ RICHARD STAIR, JR.
>
>RICHARD STAIR, JR.
>UNITED STATES BANKRUPTCY JUDGE

10